NOT DESIGNATED FOR PUBLICATION

No. 115,739

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LAWSON J. WEEKES III,
*Appellant*.


MEMORANDUM OPINION

Appeal from Saline District Court; PATRICK H. THOMPSON, judge. Opinion filed March 3, 2017. Appeal dismissed.

*Caroline M. Zuschek*, of Kansas Appellate Defender Office, for appellant.

*Amy E. Norton*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before LEBEN, P.J., POWELL and SCHROEDER, JJ.

*Per Curiam*:  Lawson J. Weekes III appeals the district court's failure to modify his guideline sentence upon revocation of his probation. The sentence originally imposed was a presumptive sentence in accordance with the Kansas Sentencing Guidelines Act (KSGA); therefore, we have no jurisdiction and dismiss Weekes' appeal.


In August 2013, Weekes pled no contest to one count of unlawful possession of hydrocodone. He was sentenced to 30 months in prison, suspended, and placed on probation for 12 months.

1

In February 2014, the State moved to revoke Weekes' probation alleging he failed to submit to urinalysis, failed to report to his probation officer, and failed to attend outpatient services following a substance abuse evaluation. The State subsequently amended its motion to revoke probation alleging Weekes committed a new crime while on probation.

Weekes, while serving his sentence in another case at the El Dorado Correctional Facility, was returned to Saline County to address the motion to revoke probation. At the revocation hearing, Weekes stipulated to violating his probation. The district court heard argument on the State's motion to revoke probation and Weekes' motion for modification of his sentence. The State requested the district court order Weekes to serve his underlying sentence because he was a danger to the community and was not amenable to probation. Weekes argued he was already serving a prison sentence and asked the district court to either run the sentences concurrently or modify his sentence to 12 months' imprisonment.

The district court found there were insufficient grounds to justify modifying Weekes' sentence. The district court revoked Weekes' probation and ordered him to serve his underlying 30-month prison sentence. Weekes timely appealed.

Weekes does not argue the district court abused its discretion when it revoked his probation. Instead, he simply contends sentencing him to his underlying sentence, instead of a reduced sentence, constituted an abuse of discretion. Weekes' argument is without merit.

A district court abuses its discretion if its action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). The party asserting the trial court

abused its discretion bears the burden of showing an abuse of discretion. *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997, *rev. denied* 302 Kan. 1015 (2015).

Relying on *State v. Everett*, No. 111,168, 2015 WL 4366445 (Kan. App. 2015) (unpublished opinion), *rev. denied* October 21, 2016, the State asserts this court does not have jurisdiction to consider Weekes' arguments since he was sentenced to a presumptive sentence. In *Everett*, the district court sentenced Everett to an underlying sentence of 10 months' incarceration and granted 12 months' probation. The State later moved to revoke probation because Everett committed a new crime. Everett asked the district court to reduce his sentence because he needed to care for his children, but the district court denied his request. On appeal, Everett argued the district court abused its discretion when it denied his request. The *Everett* panel determined it did not have jurisdiction because Everett was serving a presumptive sentence and "nothing in the KSGA grants us the jurisdiction to revise the district court's decision if the sentence imposed is a presumptive sentence." 2015 WL 4366445, at *1; see also K.S.A. 2016 Supp. 21-6820(c)(1) (The appellate court shall not review "[a]ny sentence that is within the presumptive sentence for the crime.").

Weekes' original sentence is within the presumptive sentence for his crime. After revoking Weekes' probation, the district court imposed his original 30-month sentence. This court does not have jurisdiction to consider Weekes' arguments.

Appeal dismissed.